# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. E. GRAHAM, Minor.

UNPUBLISHED
October 10, 2016

No. 332240
Wayne Circuit Court
Family Division
LC No. 14-516109-NA

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

Respondent mother appeals as of right from the trial court order terminating her parental rights to the minor child under MCL 712A.19b(3)(g) (parent failed to provide proper care or custody), (h) (incarceration of parent for more than two years), and (j) (child will be at risk of harm if returned to respondent's care). We affirm.

## I. BACKGROUND

AE came into care in March 2014 after respondent was arrested and charged with second-degree murder. In May 2015, respondent was convicted and sentenced to 15 to 30 years in prison with her earliest release date being May 2029. Petitioner filed a petition for permanent custody in November 2015 seeking to terminate respondent's parental rights due to her lengthy prison sentence making her unable to provide proper care for the child. The petition alleged that respondent failed to maintain suitable housing, obtain a legal source of income, and was unable to obtain employment due to her incarceration. Respondent participated in a treatment plan during the three months she was out on house arrest but those services were terminated upon her incarceration. The trial court found statutory grounds to terminate respondent's parental rights to AE due to respondent being incarcerated for a period exceeding two years making her unable to provide proper care and custody of the child. Respondent appeals.

## II. STATUTORY GROUNDS FOR TERMINATION

Respondent first argues that the trial court clearly erred by concluding that sufficient evidence supported terminating her parental rights under MCL 712A.19b(3)(g), (h) and (j). We disagree.

In a termination proceeding, petitioner has the burden of proving at least one statutory ground for termination by clear and convincing evidence. *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000). If petitioner establishes a statutory ground for termination, the trial court

-1-

must terminate parental rights if termination is in the child's best interests. MCL 712A.19b(5). This Court reviews "for clear error a trial court's factual findings as well as its ultimate determination that a statutory ground for termination of parental rights has been proved by clear and convincing evidence." *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010); MCR 3.977(K). Further, this Court reviews for clear error the trial court's decision on the best-interest issue. *In re JK*, 468 Mich 202, 209; 661 NW2d 216 (2003). Clear error occurs if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Mason*, 486 Mich at 152; *In re Miller,* 433 Mich 331, 337; 445 NW2d 161 (1989).

Respondent's parental rights were terminated under MCL 712A.19b(3)(g), (h), and (j), which provide:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.
>
> (h) The parent is imprisoned for such a period that the child will be deprived of a normal home for a period exceeding 2 years, and the parent has not provided for the child's proper care and custody, and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.
>
> * * *
>
> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

In her brief on appeal, respondent does not contest termination of her parental rights under MCL 712A.19b(3)(j) and so we do not address it. Termination of respondent's parental rights was proper under MCL 712A.19b(3)(g) and (h) because respondent was unable to provide proper care of the child and her imprisonment would deprive the child of a normal home life for a period exceeding two years. At the time of the adjudication respondent was in jail awaiting criminal trial on murder charges, and she admitted being unable to care for her children. Respondent was convicted of second-degree murder in May 2015 and sentenced to a minimum of 15 years' imprisonment, which prevented her from caring for her children herself. Respondent failed to make arrangements for this child during her incarceration, and her deplorable living conditions before the children's removal suggested that, even if she were released sooner, respondent would be in no position to plan for the children. Respondent also had a history of substance abuse for which she received services between 2007 and 2012. Three of respondent's children were born positive for marijuana.

Respondent never sufficiently addressed any of the issues that brought the children into care because services were terminated in May 2015 when she was convicted of second-degree murder. Respondent never worked out her anger issues, improved her parenting skills, achieved emotional stability in therapy, or obtained suitable housing and employment. Because respondent would be unable to parent due to her incarceration for a period exceeding two years and she was unable to provide proper care of the child, termination of her parental rights under MCL 712A.19b(3)(g) and (h) was proper.

Contrary to respondent's claim, petitioner did not fail to involve her in the reunification process and the trial court did not terminate parental rights solely because respondent was incarcerated. Respondent was presented with a treatment plan that she worked on during her brief release from jail between February 2015 and May 2015 while she was awaiting trial. There was no indication that respondent was not provided with a meaningful opportunity to participate.[1] Rather respondent did not have sufficient time to work on services and address the issues because of her incarceration. She could not provide a home to the child and did not have employment to support the child. Respondent would be incarcerated for a period exceeding two years and, unlike in *In re Mason,* 486 Mich 142, termination did not result from respondent's "mere present inability to personally care for [her] children as a result of incarceration." *Id*. at 160. The trial court terminated respondent's parental rights because she was not a fit parent and could not provide a stable or safe home.

Respondent also argues that a permanent plan for the child with her maternal aunt should have been considered. She does not, however, indicate what the plan was. Guardianship was not a permanent solution for a four-year-old child

## III. BEST INTERESTS

Respondent next argues that the trial court erred by concluding that terminating her parental rights was in her child's best interests. We disagree.

Once a statutory ground for termination is established, the trial court shall order termination of parental rights if it finds that termination is in the child's best interests. MCL 712A.19b(5). Here, the record amply supports the trial court's best-interest decision. As the trial court properly found, the minor child needs permanency. Because respondent will be incarcerated for at least 15 years, she will not be able to provide it. It is in the child's best interests to be raised by a caregiver who can meet her needs and provide a home environment free of criminality and substance abuse. Given respondent's history with drugs and crime, there is no evidence she can provide such an environment. Although, as respondent argues, the evidence shows that respondent had a strong bond with her child, the evidence also showed that

---

[1] Petitioner generally must make reasonable efforts to rectify the respondent's problems through a service plan. See *In re Fried*, 266 Mich App 535, 542; 702 NW2d 192 (2005). Petitioner must still make reasonable efforts even when the respondent is incarcerated. *In re Mason*, 486 Mich at 152. The failure to make reasonable efforts can affect whether there was sufficient evidence to terminate parental rights. *In re Rood*, 483 Mich 73; 763 NW2d 587 (2009).

the child had anxiety around her phone calls with respondent. Any bond the child had with respondent was not more important than the child's safety and well-being.

Respondent argues that the trial court's failure to explicitly address whether termination of parental rights was appropriate in light of the child's relative placement renders the factual record inadequate and requires reversal. This argument is without merit. The trial court is required to consider the best interests of each child individually and "to explicitly address each child's placement with relatives at the time of the termination hearing if applicable." *In re Olive/Metts, Minors*, 297 Mich App 35, 44; 823 NW2d 144 (2012). In its written findings, the trial court specifically found that the child was placed with a relative who was willing to provide the long-term care the child desperately needed. The child has been in foster care for a significant period of time and is at an age where permanency is essential for continued growth and development. Thus, the trial court did not err in its best-interest determination.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter

-4-